UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: _____

_____

JASON MOSS,

          Plaintiff,                         **COMPLAINT**

v.

                                            **JURY TRIAL DEMANDED**

ASSIGNED CREDIT SOLUTIONS, INC.,

          Defendant.

_____

## INTRODUCTION

1. This action arises from Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA" herein), 15 U.S.C. § 1692 *et seq.*

2. The term "consumer" as used in this Complaint means any natural person obligated or allegedly obligated to pay any debt. Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3).

3. The term "debt" as used in this Complaint means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

4. The term "debt collector" as used in this Complaint means any person who uses any instrumentality of interstate commerce or the mails in any business

the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

6. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

## PARTIES

### Plaintiff

7. Plaintiff Jason Moss (hereinafter "Plaintiff"), is a natural person residing in the County of Scott, State of Minnesota, and is a "consumer" as that term is defined by Section 803(3) of the FDCPA, 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under Section 803 of the FDCPA, 15 U.S.C. 1692k(a).

### Defendant

8. Defendant Assigned Credit Solutions, Inc. (hereinafter, "Defendant") is a New Jersey corporation with its principal place of business located at 1000 Lincoln Drive West, Suite 8, Marlton, NJ 08053.

9. Defendant is a "debt collector," as defined in Section 803(6) of the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

10. Sometime prior to September 2012, upon information and belief, Plaintiff incurred a financial obligation that upon information and belief was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by Section 803(5) of the FDCPA, 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection.

12. On September 10, 2012 Defendant called Plaintiff and left a voicemail message on Plaintiff's cellular telephone requesting Plaintiff return the call.

13. Defendant's September 10, 2012 voicemail is a "communication" as that term is defined by Section 803 of the FDCPA, 15 U.S.C. 1692a(2).

14. Defendant's September 10, 2102 voicemail stated:

> Hi Jason, this is Catherine calling. Um, I've actually been asked to get involved into an issue that does concern you and I sent you a couple letters and left you a couple messages and still no responses. If you can simply just give me a call back to get your side of the story, my phone number here is 856-667-5400. Once again the number is 856-667-5400.

15. On September 11, 2012, Plaintiff received an email from Defendant with an attached dunning letter.

16. Defendant's September 11, 2012 email is a "communication" as that term is defined by Section 803 of the FDCPA, 15 U.S.C. 1692a(2).

17. Upon information and belief, Defendant's September 11, 2012 email is the "initial communication" as that term is used by Section 809 of the FDCPA, 15 U.S.C. § 1692g.

18. Defendant's September 11, 2012 email did not contain a 30 Day Validation Notice as required by Section 809 of the FDCPA, 15 U.S.C. § 1692g.

## Violations of The Fair Debt Collection Practices Act

19. Defendant's September 10, 2012 voicemail did not meaningfully disclose the identity of the caller, violating Section 806 of the FDCPA, 15 U.S.C. § 1692d(6).

20. Defendant's September 10, 2012 voicemail did not identify the caller as a debt collector attempting to collect a debt. Defendant's voicemail did not state that information obtained would be used in connection with the collection of the alleged debt. Defendant is in violation of Section 807 of the FDCPA, 15 U.S.C. §§ 1692e and 1692e(11).

21. Defendant's September 11, 2012 email did not contain a 30 Day Validation Notice, violating Section 809 of the FDCPA, 15 U.S.C. § 1692g.

## Respondeat Superior Liability

22. The acts and omissions of Defendant, and/or the other debt collectors employed as agents by Defendant who communicated with Plaintiff- further described herein- were committed within the time and space limits of their agency relationship with their principal, Defendant.

23. The acts and omissions by Defendant and/or these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, Defendant and these other debt collectors were motivated to benefit their principal, Defendant.

25. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota law, in their attempts to collect this debt from Plaintiff.

*Summary*

26. The above-detailed conduct by Defendant was a violation of numerous and multiple provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

27. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

**TRIAL BY JURY**

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

31. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

6

33. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff; and

34. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

Respectfully submitted,

Dated:  January 8, 2013         MARTINEAU, GONKO & VAVRECK, PLLC

 s/ Mark L. Vavreck                              .
Mark L. Vavreck, Esq.
Bar Number #0318619
Attorney for Plaintiff
Martineau, Gonko & Vavreck, PLLC
Designers Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:   (612) 659-9220
mvavreck@mgvlawfirm.com